**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CATHERINE PASTRANA,<br><br>    Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., et al.,<br><br>    Defendants. | CIVIL ACTION NO. 08-4359 (MLC)<br><br>**O P I N I O N** |

    **THE DEFENDANT** Wal-Mart Stores, Inc. ("Walmart") earlier moved to dismiss the Complaint as a sanction for the plaintiff's discovery violations. (See dkt. entry no. 97, Notice of Walmart's Mot.; dkt. entry no. 97-3, Br. in Supp.) It appears that the plaintiff failed, inter alia, to submit to an independent medical examination ("IME"). (See Br. in Supp. at 3-6.) The plaintiff did not oppose or otherwise respond to Walmart's Motion.

    **THE MAGISTRATE JUDGE**, in a Report and Recommendation entered on April 2, 2012, recommended that the Court grant Walmart's Motion and dismiss the Complaint. (See dkt. entry no. 100, Report & Rec.) The plaintiff did not object to the Report and Recommendation, though she had the right to file objections pursuant to both the Federal Rules of Civil Procedure and the Local Civil Rules. See Fed.R.Civ.P. 72(b)(2); L.Civ.R. 72.1(a)(2).

**THE COURT** adopted the Magistrate Judge's well-reasoned Report and Recommendation, and thus granted Walmart's Motion and dismissed the Complaint on April 17, 2012. (See dkt. entry no. 101, Order & J.)  The action was then terminated.  (See id. at 4; text entry appearing immediately after dkt. entry no. 101.)  The plaintiff did not move for reconsideration of or relief from the 4-17-12 Order and Judgment, though she had the right to file such motions.  See Fed.R.Civ.P. 60; L.Civ.R. 7.1(i).  The plaintiff similarly chose not to raise a timely appeal.

**THE PLAINTIFF** now moves to vacate the 4-17-12 Order and Judgment, 338 days after its entry on the docket.  (See dkt. entry no. 104, Notice of Mot. to Vacate 4-17-12 Order and Judgment.)  The Motion to Vacate appears to be untimely filed, insofar as it calls for either reconsideration of or relief from the 4-17-12 Order and Judgment.  See Fed.R.Civ.P. 60(c)(1) (stating that a motion made under Federal Rule of Civil Procedure 60(b) "must be made within a reasonable time"); L.Civ.R. 7.1(i) (stating that "a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion").

**IT FURTHER APPEARS** that the Plaintiff moves for relief pursuant to the rules of the New Jersey Superior Court, rather than the rules of this Court.  (See id. at 2 ("This matter is submitted to the Court pursuant to Rule 1:6-2[.]").)  The Motion to Vacate

2

does not conform with the Local Civil Rules. See, e.g., L.Civ.R. 7.1(d)(1) (requiring a brief), 7.2.

**THE COURT** will, for the foregoing reasons, deny the Motion to Vacate. If the plaintiff chooses to move anew for such relief, she shall file a brief in accordance with the Local Civil Rules. That brief must addresses: (1) the plaintiff's failure to attend the Court-ordered IME; (2) the plaintiff's failure to oppose or otherwise respond to Walmart's Motion; (3) the plaintiff's failure to object to the Report and Recommendation; (4) the plaintiff's failure to timely move for reconsideration of or relief from the 4-17-12 Order and Judgment; and (5) the factors informing a motion to reopen an action, as expressed in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 862 (3d Cir. 1984). The Court will not consider a second Motion to Vacate the 4-17-12 Order and Judgment unless that motion is accompanied by a brief that addresses each of these five points, and otherwise conforms with the Local Civil Rules.

**THE COURT** will both summarily deny a newly-filed motion to vacate the 4-17-12 Order and Judgment and bar the plaintiff from further moving for such relief unless the plaintiff strictly follows these instructions. The Court is authorized to impose harsh penalties when enforcing the Local Civil Rules. See Kabacinski v. Bostrom Seating, 98 Fed.Appx. 78, 82 n.3 (3d Cir. 2004); see also Knoll v. City of Allentown, No. 12-1635, 2013 WL

3

628415, at *3 (3d Cir. Feb. 21, 2013) (stating Local Civil Rules play a vital role in a district court's efforts to manage the docket).

                                                s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge

Date:   March 25, 2013